UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CREATIVE CHOICE HOMES XXXI, LLC f/k/a
Creative Choice Homes XXXI, Inc.,

      Plaintiff,

                                          Case No.:  9:21-cv-81113

v.

MG AFFORDABLE MASTER, LLC,
MG GTC MIDDLE TIER I, LLC,
MG GTC FUND I, LLC,

      Defendants.
_____/

**EXPEDITED MOTION**

**NON-PARTIES' NAIMISHA CONSTRUCTION, INC'S AND NB FLORIDA HOLDINGS, LLLP'S MOTION TO QUASH SUBPOENAS OR IN THE ALTERNATIVE FOR PROTECTIVE ORDER**

      Non-Parties, Naimisha Construction, Inc. ("NCI") and NB Florida Holdings, LLLP ("NBFL") (together referred to as the "Non-Parties") respectfully move this Court to quash the attached subpoenas for depositions, or, in the alternative, for a protective order prohibiting the unilaterally scheduled depositions of the Non-Parties from taking place.

      **I.**      **EXPEDITED RULING REQUESTED**

      The discovery deadline in the above-captioned case, which is pending in the Middle District of Florida (Case No.: 8:19-cv-01910-TPB-AAS) is June 30, 2021 [DE 83]. On June 9, 2021, Defendants unilaterally noticed the 30(b)(6) depositions for the Non-Parties. The Defendants unilaterally noticed the deposition of NCI to take place on June 24, 2021. See **EXHIBIT A**. The NCI subpoena was served on the undersigned as registered agent for NCI on June 10, 2021. See **EXHIBIT B**. The Defendants unilaterally noticed the deposition for NBFL to take place on June

1

28, 2021. See **EXHIBIT C.** The NBFL subpoena was served on the undersigned as registered agent on June 10, 2021. See **EXHIBIT D.** Despite attempts to confer with Defendants about the depositions, Defendants currently intend on moving forward with same. This is despite the fact that the depositions were unilaterally scheduled and besides the fact that other depositions in the case were set by the Defendants *for the same days.* See **EXHIBIT E,** Subpoena for Deposition of Baker Tilly which was also scheduled by the Defendants, unilaterally, for June 24, 2021. See **EXHIBIT F**, Subpoena for Deposition of Impro Synergies, LLC, which was scheduled for June 28, 2021, at 9:00 A.M., the same day *and time* as the unilaterally scheduled deposition of NBFL.

Therefore, the Non-Parties respectfully request that the Court prohibit the unilaterally noticed 30(b)(6) deposition of the Non-Parties from occurring as scheduled. This motion is designated as an expedited motion due to the unilaterally noticed deposition dates quickly approaching and recent conferences with Defendants being unproductive. To the extent a ruling cannot be made on an expedited basis, the Non-Parties respectfully request a temporary stay of the unilaterally noticed 30(b)(6) depositions of the Non-Parties pending resolution of this motion. The Non-Parties acknowledge that it will be very difficult, if not impossible, for the Court to rule before the scheduled deposition of NCI, however, the Non-Parties were not able to file this Motion any sooner due to the fact that *all* counsels for the various parties in this case were not able to meet and confer until June 22, 2021. That is because the month of June was packed with depositions in this case which *were* properly scheduled before discovery cutoff, including, the deposition of Christie Kroeger on June 17, the deposition of Rick Fussell on June 18, the deposition of Mary Stoddard on June 21, and the deposition of Nicolo Pinoli on June 22.

II.   **FACTUAL AND PROCEDURAL BACKGROUND**

A.   ***Factual Background***

This case involves a dispute between the partners of Creative Choice Homes XXXI, Ltd. (the "Partnership"), which owns and operates an affordable housing project in Tampa, Florida (the "Project"). A copy of the Plaintiff's Complaint is attached hereto as **EXHIBIT G**[1]. The Partnership is governed by an Amended and Restated Agreement of Limited Partnership, dated January 1, 2007 (the "Partnership Agreement"), and was formed and is operated pursuant to the Low-Income Housing Tax Credit ("LIHTC") program, as promulgated under Section 42 of the Internal Revenue Code. *See* 26 U.S.C. § 42.

Plaintiff, Creative Choice Homes XXXI, LLC is the Partnership's general partner, ("CCH") and Defendants are the Partnership's limited partners. As the general partner, CCH is responsible for, and oversees, the overall management and operations of the Partnership, and ensures the Project remains in tax credit compliance for federal tax credits and provides safe and affordable housing to qualified tenants with below area median income.

Not until April 2019 did Defendants suddenly began expressing "concerns" to CCH about its management of the Partnership and ability to carry out its duties and obligations as general partner. The Defendants transmitted correspondence to CCH in May and June 2019 declaring material defaults of the Partnership and their intent to remove CCH as the general partner. In summary, the Defendants contend CCH breached the Partnership Agreement for the following: misuse of Partnership funds; issuance of distributions "out of order" pursuant to the Partnership Agreement's waterfall provision; and failure to timely provide audited financial statements. CCH

---

[1] Exhibits thereto were removed for purposes of efficiency.

contends it investigated and cured the alleged defaults, which are immaterial, including through the transmission of checks accepted and cashed by Defendants. Defendants nevertheless maintained that CCH materially breached the Partnership Agreement.

In pertinent part, the Defendants contended that CCH made inappropriate distributions to affiliates of CCH, including NCI. This was expressly set forth in the "Notice Of Default" letter sent by the Defendants to Plaintiff, on May 3, 2019. See **EXHIBIT H**. These alleged improper distributions formed the basis for the Defendants attempted removal of Plaintiff as general partner from the Partnership. See **EXHIBIT I**, "Notice of Removal." It is also the basis for the Defendants' counterclaim against the Plaintiff in this action. See **EXHIBIT J**, Defendants' "Answer, Affirmative Defenses, and Counterclaims[2]" at ¶23. Defendants knew of NCI's existence from at least May 3, 2019, before the lawsuit was filed.

With regard to NBFL, on May 28, 2021, Defendants took the deposition of non-party Tiffany Williams, an employee of IMPRO SYNERGIES, LLC, the management company for the Property. Ms. Williams testified that certain properties within the Creative Choice portfolio would sometimes distribute monies to NBFL, which would then loan those funds to properties in need of funding. See **EXHIBIT K**. Dep. Tr. Tiffany Williams (May 28, 2021) 117:22-25, 118-122. Ms. Williams did not testify that the Partnership in question in this lawsuit ever transferred any money to NBFL. She testified that certain properties within the Creative Choice portfolio transferred monies to NBFL and that same was recorded in the general ledgers and would be evidenced by the checks written from the various properties. Defendants have been provided with all financial records pertaining to the Partnership in question for the relevant time period set forth in the pleadings, including, but not limited to, audited financials, general ledgers, and bank records. None

---

[2] Exhibits thereto were removed for purposes of efficiency.

of the documents show that any monies were ever transferred from the Partnership to NBFL. The record is completely devoid of any such evidence. Despite that undisputable fact, the Defendants sought to depose NBFL at the eleventh hour.

**B.      *Procedural History***

On July 5, 2019, CCH brought this action against the Defendants in the 13th Judicial Circuit in and for Hillsborough County, Florida, alleging that Defendants had no right to remove CCH as the general partner under the Partnership Agreement. Defendants removed the action to the District Court for the Middle District of Florida and asserted largely duplicative counterclaims against CCH seeking its removal as general partner based on the same grounds summarized above.

**C.      *Depositions***

The Middle District Court entered a case management scheduling order but later extended the discovery deadline on various occasions. The Court most recently extended the discovery deadline to June 30, 2021 following the unexpected death of CCH's principal corporate representative. [DE 83, See **EXHIBIT L**[3].]

Following the entry of the extended discovery deadline, the parties and counsels coordinated and set numerous depositions of the parties, their various employees, and the retained experts. These depositions took place or will take place on May 27, May 28, June 7, June 8, June 17, June 18, June 21, June 22, June 23, June 25, June 29, and June 30. Despite having worked with all counsels involved in the scheduling of a dozen depositions, Defendants opted, at the eleventh hour, to unilaterally notice the deposition of NCI to take place on June 24 and to unilaterally notice the deposition of NBFL to take place on June 28. There was absolutely no effort made, whatsoever, to coordinate these depositions with the undersigned, who also represents the Plaintiff in this

---

[3] The caption of the Order is incorrect. This is the caption of the companion case.

lawsuit, nor was any effort made to coordinate these depositions with any other co-counsels for the Plaintiff in this case.

Counsel for the parties were not able to confer until a telephone conference was held during the late afternoon on June 22, 2021. On the phone conference, counsel for the parties discussed the potential for rescheduling the depositions to mutually agreeable dates. However, as of the filing of this motion, Defendants have not consented to withdrawing the unilaterally noticed depositions, therefore necessitating this motion to address the imminent dispute.

## III.   STANDARD

Pursuant to Rule 45, a court may quash, modify or specify conditions for responding to a subpoena. Fed. R. Civ. P. 45(d)(3). The power to quash a subpoena rests with the District Court in which compliance was required, which may or may not be the court that issued the subpoena. *Narcoossee Acquisitions, LLC v. Kohl's Dep't Stores, Inc*., No. 6:14-CV-203-ORL-41TBS, 2014 WL 4279073, at *1 (M.D. Fla. Aug. 28, 2014) (quoting Fed. R. Civ. P. 45(d)(1), (d)(3), (g)). Compliance is required within 100 miles from where the person resides, is employed, or regularly transacts business. Fed. R. Civ. P. 45(c)(1)(A)[4].

The Middle District discovery guidelines require that all depositions, whether of parties or non-parties, be coordinated with the schedules of opposing counsel, parties, and witnesses. The guidelines require the attorneys seeking the depositions to reasonably attempt to accommodate the schedules of all involved, including opposing counsel, the parties, and the witnesses themselves. See, e.g., § I(A)(3). See **EXHIBIT M**. The failure to comply with the requirement that scheduling of all depositions be coordinated warrants quashing a non-party subpoena. *PHL Variable Insurance Company v. Bank of Utah*, 2013 WL 12156106 at *2 (M.D. Fla. 2013).

---

[4] The Non-Parties are based on Palm Beach Gardens and regularly transact business there. The persons who will sit for the depositions are residents of Palm Beach County.

Federal Rule of Civil Procedure 26(c) allows a court to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon good cause shown. Fed. R. Civ. P. 26(c)(1). The Court may use these rules to prohibit or limit deposition testimony. Fed. R. Civ. P. 26(c)(1)(A), (c)(1)(D).

To determine whether good cause is shown, the Court must balance the interests of the party seeking the discovery against those of the party seeking to prevent it. *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). "In evaluating whether a party has satisfied the burden of 'good cause,' 'a court should balance the non-moving party's interest in obtaining discovery and preparing for trial against the moving party's proffer of harm that would result from the discovery.'" *Ventron Mgmt., LLC v. Tokio Marine Speciality Ins. Co.*, No. 20-cv-80262, 2020 WL 8614606, at *2 (S.D. Fla. Dec. 21, 2020) (citing *Farnsworth*, 758 F.2d at 1547).

**IV.   ARGUMENT**

The Non-Parties respectfully request that the Court prohibit the unilaterally noticed 30(b)(6) depositions from occurring. First, Defendants unilaterally noticed the depositions to occur. This Court does "not tolerate the practice of counsel unilaterally setting depositions." *Zurich Am. Ins. Co. v. European Tile & Floors, Inc*., No. 8:16-cv-729-T-33AAS, 2017 WL 638640, at *1 n.1 (M.D. Fla. Feb. 16, 2017); *see also Simpson v. GC Servs., L.P*., No. 3:12-cv-588-J-32MCR, 2012 WL 5866589, at *1 (M.D. Fla. Nov. 19, 2012) (granting motion for protective order concerning unilaterally set deposition of a party); see also, *PHL Variable Insurance Company v. Bank of Utah*, 2013 WL 12156106 at *2 (M.D. Fla. 2013) (quashing a non-party subpoena due to failure to coordinate the deposition with counsels involved). Indeed, the Middle District of Florida Civil Discovery Handbook discourages such practice. *See* Middle District of Florida Civil

Discovery Handbook § I(A)(3) ("An attorney shall reasonably attempt to accommodate the schedules of opposing counsel, parties, and witnesses in scheduling discovery.").

Second, the undersigned has not had an adequate opportunity to prepare witnesses for the depositions given the fact that the Defendants also scheduled other depositions to take place on the same days as the Non-Parties' depositions and due to the fact that the undersigned has been preparing Plaintiffs' witnesses (arguably the most important in this case), Yashpal Kakkar and Dilip Barot, for their upcoming depositions. As stated above, the Defendants also unilaterally noticed the deposition of non-party Baker Tilly to take place on June 24, and the deposition of IMPRO SYNERGIES, to take place on June 28, at *the same time* as the deposition of NBFL. The Non-Parties respectfully submit that they cannot adequately prepare the corporate representatives for their obligations given (i) the unilateral nature of the noticed deposition, and (ii) the parties' existing schedule of other depositions in this matter. *See Continental Cas. Co. v. First Fin. Employee Leasing, Inc*., 716 F. Supp. 2d 1176, 1189 (M.D. Fla. 2010) (explaining that an entity's "duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee" and includes matters "reasonably available, whether from documents, past employees, or other sources").

Thirdly, with regard to NBFL, there is no basis for a deposition of NBFL to take place at all. The Defendants' request to depose NBFL is not proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). As stated above, Defendants' desire to depose NBFL based on a baseless notion that NBFL received monies from the Partnership. This never happened. The Defendants have possessed all of the accounting documents for the Partnership for the relevant time period, including, but not limited to, bank records, audited financials, and general ledgers, but cannot show one single instance of monies being transferred to NBFL. Tiffany Williams did not testify that the

8

Partnership at issue ever transferred monies to NBFL. Her testimony was that *other* properties within the Creative Choice portfolio transferred monies to NBFL. If any such transfers ever took place as to the Partnership at issue in this case, the financial records produced would show them. See **EXHIBIT K**. Dep. Tr. Tiffany Williams (May 28, 2021) 117:22-25, 118-122. Thus, additional good cause exists to issue a protective order as to the deposition of NBFL.

The Non-Parties are mindful and understanding of the imminent June 30 discovery deadline, but respectfully submits that Defendants cannot use a discovery deadline to justify the unilateral setting—***and stacking***—of depositions under the circumstances described herein. Weighing the interests present (or lack thereof), good cause exists for a protective order. The Non-Parties therefore respectfully request that the Court (i) prohibit the unilaterally noticed 30(b)(6) deposition of the Non-Parties from going forward.

WHEREFORE, Non-Parties, Naimisha Construction, Inc., and NB Florida Holdings, LLLP, respectfully request the Court's issuance of protective order concerning the unilaterally scheduled depositions. To the extent a ruling cannot be made on an expedited basis, Non-Parties, Naimisha Construction, Inc., and NB Florida Holdings, LLLP respectfully requests a temporary stay of the unilaterally noticed 30(b)(6) depositions pending resolution of this motion.

### Local Rule 7.3 Certification

Counsel hereby certifies that it conferred with counsel for the Defendants in a good faith effort to resolve the issues raised by this motion, but the parties did not agree on the resolution of the motion. The conference occurred by telephone conference on June 22, 2021.

**DATED** this 23rd day of June, 2021.

                                    **SUNDARSINGH   LAW, P.L.**

                                    */s/ Mandell Sundarsingh*
                                    Mandell Sundarsingh, Esquire
                                    Sundarsingh Law, P.L.
                                    1400 Centrepark Blvd., Suite 603
                                    West Palm Beach, FL 33401
                                    (561) 475-2295 telephone
                                    (561) 584-7634 facsimile
                                    FL Bar No.: 57562
                                    Primary Email: mandell@creativelaw.net
                                    Secondary Email: paralegal@creativelaw.net
                                    *Attorneys for NCI*

## CERTIFICATE OF SERVICE

       I hereby certify that on June 23, 2021, I served a copy of the foregoing document via email to all parties/attorneys on the list to receive service/notice in this case, including but not limited to the following:

| | |
|---|---|
| Eve A. Cann, Esq. | Steve Griffith, Esq. |
| Desislava Docheva, Esq. | Laura Carlilse, Esq. |
| BAKER, DONELSON, BEARMAN, | BAKER, DONELSON, BEARMAN, |
| CALDWELL & BERKOWITZ, PC | CALDWELL & BERKOWITZ, PC |
| 100 S.E. Third Avenue, Suite 1620 | 201 St. Charles Ave., Suite 3600 |
| Fort Lauderdale, Florida 33394 | New Orleans, LA 70170 |
| ecann@bakerdonelson.com | sgriffith@bakerdonelson.com |
| FLLService@bakerdonelson.com | lcarlilse@bakerdonelson.com |
| | |
| Zachary J. Bancroft, Esq. | Scott A. McLaren, Esq. |
| SunTrust Center | A. Evan Dix, Esq. |
| 200 South Orange Avenue, Suite 2900 | HILL WARD HENDERSON, P.A. |
| Post Office Box 1549 | 101 E. Kennedy Blvd., Suite 3700 |
| Orlando, Florida 32802-1549 | Tampa, FL 33602 |
| zbancroft@bakerdonelson.com | scott.mclaren@hwhlaw.com |
| bkcts@bakerdonelson.com | evan.dix@hwhlaw.com |
| sdenny@bakerdonelson.com | |

David A. Davenport, Esq.
Sean M. Zaroogian, Esq.
Justin Jenkins, Esq.
BC DAVENPORT, LLC
801 S. Marquette Ave., Suite 200
Minneapolis, MN 55402
dave@bcdavenport.com
sean@bcdavenport.com
justin@bcdavenport.com